**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**MARVIN MCCRANEY, JR.**                                                          **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO. 2:16-cv-87-KS-MTP**

**MURPHY OIL USA, INC.**                                                          **DEFENDANT**

<u>**ORDER**</u>

THIS MATTER is before the Court on Defendant's Motion to Compel Plaintiff to Pay

Fee for Failure to Attend IME [34].  Having considered the parties' submissions and the

applicable law, the Court finds that the Motion [34] should be granted in part and denied in part.

A party may be required to submit to an independent medical examination ("IME") if he

has put his physical or mental condition in controversy. Fed. R. Civ. P. 35(a).  In the Case

Management Order [11], the Court imposed the following discovery provision: "Defendant may

have a Fed. R. Civ. P. 35 (L.U.Civ.R. 35) medical examination of the plaintiff (within subpoena

range of the court) by a physician who has not examined the plaintiff."  The parties agreed that

Dr. Howard Kats would perform Plaintiff's IME on December 27, 2016, at 1:00 p.m.

Plaintiff, however, called his counsel "just before noon" on the day of the IME to say that

he would not be able to attend the IME.  At 1:01 p.m. on December 27, 2016, Plaintiff's counsel

informed Defendant that Plaintiff was unable to attend to IME "due to a family emergency

involving Ms. Watt's brother . . . ." [34-4].[1]  The cancelled IME resulted in a $700.00

cancellation fee by Dr. Katz. [34-5].  On January 24, 2017, the Court conducted a telephonic

conference with the parties regarding their dispute over who should be responsible for the

---

[1] During a telephonic conference held on January 24, 2017, Plaintiff's counsel indicated that Ms. Watt is Plaintiff's wife or girlfriend.

cancellation fee.  The parties were unable to resolve their dispute, and on February 14, 2017, Defendant filed the instant Motion [34], requesting an order from the Court requiring Plaintiff to pay the cancellation fee.

If a party fails to obey a discovery order, including one pursuant to Fed. R. Civ. P. 35, the Court is authorized to "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2).

In his Response [35], Plaintiff did not provide additional information regarding the nature of the "family emergency" or when he received notice of the "family emergency."  During the telephone conference, Plaintiff indicated that the "family emergency" required that someone else use the vehicle he planned to use to attend the IME.  Prior to scheduling the IME, however, the parties anticipated that lack of transportation could be an issue for Plaintiff.  Plaintiff's counsel informed Defendant's counsel that securing transportation could be a problem for Plaintiff. [34-1].  Thus, Defendant provided Plaintiff a mileage check in advance of the IME, with the stated purpose of allowing him to rent a vehicle to attend the IME. [34-2] [34-3].  Plaintiff does not provide a satisfactory explanation for why he did not rent a vehicle, as contemplated by the parties.

Instead, Plaintiff argues that he did not receive notice of Dr. Katz's cancellation policy, including the fee amount.  Considering that Plaintiff cancelled within an hour of his scheduled appointment and the cancellation was not communicated to defense counsel until the time of the appointment, the Court finds that it was foreseeable that expenses would be incurred, including a

2

cancellation fee.  Lack of express notice of Dr. Katz's cancellation policy does not justify Plaintiff's failure to attend his IME.

However, it does not appear that Plaintiff necessarily acted in bad faith, but simply made the choice to tend to another matter.  This decision caused Plaintiff to miss his IME and caused unnecessary expense.[2]  The Court finds that Plaintiff should be responsible for, at least, part of that unnecessary expense.

An award of monetary sanctions must be reasonable. Fed. R Civ. P. 37(b)(2)(C).  As the Court finds that Plaintiff's failure to attend his IME was not fully justified, the Court will order Plaintiff to pay half of Dr. Katz's cancellation fee.[3]

IT IS, THEREFORE, ORDERED that:

1.  Defendant's Motion to Compel Plaintiff to Pay Fee for Failure to Attend IME [34] is GRANTED in part and DENIED in part.

2.  On or before April 14, 2017, Plaintiff shall to pay $350.00 to Defendant as a reasonable, partial reimbursement for costs associated with Plaintiff's failure to attend his independent medical examination scheduled for December 27, 2016.

3.  All other relief requested in Defendant's Motion [34] is denied.

SO ORDERED this the 17th day of March, 2017.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE

---

[2] The record indicates that Plaintiff completed his IME with Dr. Katz on January 30, 2017. *See* [34-5].

[3] Considering the circumstances, the Court finds Dr. Katz's $700.00 cancellation fee to be reasonable.  As Defendant points out, Dr. Katz blocked off an entire afternoon to conduct the IME.