# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**MARVIN MCCRANEY, JR.**  PLAINTIFF

v.  CIVIL ACTION NO. 2:16-CV-87-KS-MTP

**MURPHY OIL USA, INC.**  DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion for Summary Judgment [48] filed by Defendant Murphy Oil USA, Inc. After considering the submissions of the parties, the record, and the applicable law, the Court finds that this motion is well taken and should be granted.

## I. BACKGROUND

On March 17, 2014, Plaintiff Marvin McCraney ("Plaintiff") fell next to a pumping station at a Murphy Oil gas station located at 955 Highway 98 in Columbia, MS. The undisputed facts reveal there was a spill next to one of the pumps, and Defendant Murphy Oil USA, Inc. ("Defendant") put down a gritty, "kitty litter" like substance to absorb the spill near where Plaintiff fell. In the case of a spill, Angela Ervin, a former Murphy Oil employee, testified that employees were supposed to put down the "kitty litter" substance, and block off the pump until the spill had dried. (*See* Deposition of Angela Ervin [55-1] at p. 5.) There was no cone or warning blocking the pump where Plaintiff fell. (*See* Deposition of Marvin McCraney [55-2] at p. 19.) No one witnessed Plaintiff fall, and there is no photographic or video evidence. Plaintiff testified that he does not know what caused him to fall but claimed that his feet slipped out from under him. (*See* Deposition of Marvin McCraney [55-2] at p. 11-12.) On April 28, 2016, Plaintiff filed suit against Defendant, who then removed the case to this Court on the grounds of diversity. Defendant filed

this Motion for Summary Judgment [48] and contends Plaintiff is incapable of establishing causation, an essential element of his claim.

## II. DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted). The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable [fact-finder] to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial."

2

*Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted). Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

### B. Negligence Claim

In his complaint, Plaintiff asserts a claim for negligence arising from his fall. Defendant argues that Plaintiff lacks the necessary evidence to prove causation, a necessary element of any negligence claim.

Mississippi law provides "[p]laintiffs must, in order to recover on a negligence claim, demonstrate that the defendant breached a particular duty owed to the plaintiff, and that the breach of duty proximately caused damages." *Mitchell v. Ridgewood E. Apartments, LLC*, 205 So.3d 1069, 1074 (Miss. 2016) (internal quotation marks omitted). "In order for an act of negligence to proximately cause . . . damage, the fact finder must find that the negligence was both the cause in fact and legal cause of the damage." *Glover ex rel. Glover v. Jackson State Univ.*, 968 So.2d 1267, 1277 (Miss. 2007). "[T]he cause in fact of an injury is 'that cause which, in natural and continuous sequence unbroken by any efficient intervening cause, produces the injury and without which the injury would not have occurred.'" *Id.* (quoting *Gulledge v. Shaw*, 880 So.2d 288, 293 (Miss. 2004)). "[N]egligence which is found to be the cause in fact of a plaintiff's damage will also be the legal cause of that damage, provided the damage is the type, or within the classification, of damage the negligent actor should reasonably expect (or foresee) to result from the negligent act." *Glover*, 968 So.2d at 1277.

Plaintiff argues that, if taking all reasonable inferences in his favor, the facts show he slipped and fell because of Defendant's negligence, but Plaintiff mistakenly classifies unsubstantiated assertions as reasonable inferences. Plaintiff asserts that he fell due to the ground being slippery, but there is not sufficient evidence to support this allegation. There are no witnesses that saw Plaintiff fall, and there also is no video or photographic evidence of the fall. Therefore, the only person who can testify as to what caused the fall is Plaintiff, and he stated multiple times in his deposition that he does not know what caused him to fall. (*See* Deposition of Marvin McCraney [55-2] at p. 10-12.) When asked if he knew what the surface was that caused him to fall, Plaintiff said he did not. (*See* Deposition of Marvin McCraney [55-2] at p. 11-12.) Plaintiff also stated he did not know what he slipped on. (*See* Deposition of Marvin McCraney [55-2] at p. 9.) There is also no evidence that the ground was actually slippery when Plaintiff fell. All the evidence shows is that there was a spill at some point, Defendant put down some of the "kitty litter" substance to clean it, and Plaintiff fell in the area of the spill. The mere fact that Plaintiff fell in the same area that the spill had previously occurred is insufficient evidence to show that spill caused the slip and fall.

Plaintiff has failed to prove that the probable cause of his fall is the negligence of Defendant. "In order to satisfy the proximate-cause element, '[t]he plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough.'" *Barrow v. May*, 107 So. 3d 1029, 1034 (Miss. Ct. App. 2012) (quoting *Burnham v. Tabb*, 508 So.2d 1072, 1074 (Miss. 1987)). "While inferences of negligence may be drawn from circumstantial evidence, those inferences must be the only ones which reasonably could be drawn from the evidence presented, and if the circumstantial evidence presented lends itself equally to

several conflicting inferences, the trier of fact is not permitted to select the inference it prefers, since to do so would be the equivalent of engaging in pure speculation about the facts." *Duncan v. Forrest General Hosp.*, 130 So. 3d 126, 128 (Miss. Ct. App. 2013) (internal citation omitted). Based on the evidence presented, the likelihood that Plaintiff fell because of a seizure is at a minimum equally as likely as Plaintiff falling due to the negligence of Defendant.

Plaintiff contends that there has been no reasonably reliable evidence presented supporting the theory that he fell due to a seizure. During his deposition, Plaintiff said he has never had a seizure and has no memory of telling doctors he had a seizure. (*See* Deposition of Marvin McCraney [55-2] at p. 26-27.) However, Defendant has presented multiple documents that show a reasonable possibility the fall was caused by a seizure. (*See* Document [60-2][60-4][60-6].) The Fire Department report states "Patient's family advised that [Plaintiff] had a seizure and caused him to fall." (*See* Fire Department Report [60-2] at p. 1.) The ambulance report also states it was dispatched for a "patient that had [a seizure,] fell and struck his head." (*See* AAA Ambulance Records [60-4] at p. 4.) Finally, the documents from Plaintiff's emergency visit state he "was getting his car filled up at a gas station and suddenly fell over and started to have seizure activity." (*See* Marion General Hospital [60-6] at p. 2.) The document also says Plaintiff told the doctor he had a seizure a few months earlier, but had never gone to a doctor about it. (*Id.*) These documents all support the inference that a seizure was the cause of Plaintiff's fall.

Although Plaintiff's claims do create the possibility his fall was caused by Defendant's negligence, he has not adduced evidence that any negligence of Defendant did in fact cause his injuries. Furthermore, Defendant has brought forward evidence supporting an alternate cause of Plaintiff's injuries. Because Plaintiff has failed to establish an essential element of his negligence claim, the Court finds that Defendant's Motion for Summary Judgment [48] should be **granted**.

## III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgment [48] is **granted**.

SO ORDERED AND ADJUDGED, on this, the 5th day of July, 2017.

        *s/Keith Starrett*
        UNITED STATES DISTRICT JUDGE